```
                             UNITED STATES DISTRICT COURT
                             SOUTHERN DISTRICT OF FLORIDA

                             CASE NO. 07-22930-CIV-MOORE
                                    (00-1162-CR-MOORE)
                             MAGISTRATE JUDGE P.A. WHITE
```

JULIO DAVID ALFONSO,           :

     Movant,                  :     <u>REPORT RE DISMISSAL</u>
                                     <u>FOR FAILURE TO OBTAIN</u>
v.                             :     <u>AUTHORIZATION PURSUANT TO</u>
                                     <u>28 U.S.C. §2244(b)(3)</u>
UNITED STATES OF AMERICA,      :

     Respondent.              :
_____

     The pro-se movant, Julio David Alfonso, filed a motion to dismiss his indictment/motion for relief from judgment pursuant to <u>Fed.R.Civ.P.</u> 60(b) in his criminal case. The motion was referred to the Undersigned Magistrate Judge On November 6, 2007 (CR DE#121). The motion was ordered to be docketed as a motion to vacate. The petitioner is attacking a his criminal conviction in case no. 00-1162-Cr-Moore. The motion is correctly docketed as a motion to vacate pursuant to 28 U.S.C. §2255.[1] This motion to vacate is successive. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

        (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus

---

[1] A petitioner's Rule 60(b) motion to reopen the judgment can be regarded as a second or successive application for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). A prisoner may not be entitled to evade the restrictions of filing a successive petition by filing a Rule 60(b). <u>Gonzalez v. Secretary for the Department of Corrections</u>, 366 F.3d 1253 (11 Cir. 2004).

> to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> \* \* \*
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
> \* \* \*

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The petitioner filed a prior motion to vacate attacking his conviction in case no. 00-1162-Cr-Moore. The motion was assigned Case No. 03-20878-Civ-Moore. It was denied on January 30, 2004. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on July 7, 2005, Case No. 05-11589-A. This motion is therefore successive.

The petitioner's judgment was entered on August 2, 2001, and the mandate affirming the conviction was entered in May 24, 2002. The petitioner is now, five years later, seeking review of a final judgment pursuant to a Rule 60(b). The petitioner claims that unlawful sentences were used to enhance is sentence. This 60(b) motion is untimely because it was not made within a reasonable time under the Rule See Rule 60(b). Further, the petitioner will still need permission from the Eleventh Circuit for review of a criminal conviction in another collateral attack.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2255. Under the circumstances of this case it does not appear that either a direct

transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

It is therefore recommended that the motion to dismiss the information/ motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) be denied (CR DE#118), and that this case be dismissed as successive.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 14th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Julio David Alfonso, Pro Se
      Reg. No. 66753-004
      FCC-Coleman
      PO Box 1033
      Coleman, Fl 33521

4